UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

INTERSTATE INVESTMENTS, LLC,
                              Plaintiff,

                    -v-

MT. HAWLEY INSURANCE
COMPANY,
                              Defendant.

25-CV-8773 (JPO)

MEMORANDUM AND ORDER

J. PAUL OETKEN, District Judge:

Interstate Investments, LLC ("Interstate") asserts a host of claims under Oklahoma and New York law against Mt. Hawley Insurance Company ("Mt. Hawley"), on the basis that Mt. Hawley underpaid its insurance claim for damage sustained by Interstate's properties following a storm in Oklahoma.  (*See generally* ECF No. 1-2 ("Compl.").)  Now before the Court is Mt. Hawley's motion for judgment on the pleadings.  (ECF No. 20.)  For the reasons that follow, Mt. Hawley's motion is granted.

## I.      Factual Background and Procedural History

The following facts are taken from the pleadings, as well as the exhibits and documents attached thereto.  *See L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011).

This case centers on an insurance policy (the "Policy") executed between Interstate and Mt. Hawley, pursuant to which Mt. Hawley agreed to insure Interstate's properties in Oklahoma against certain storm-related damage from January 21, 2023 to January 21, 2024.  (Compl. ¶¶ 4, 8-9.)  The Policy, which Interstate attaches to its complaint, contains two provisions of relevance here.  First, the Policy's "Legal Action Conditions Endorsement" provides that:

> All matters arising out of or relating to this Policy shall be determined in accordance with the law and practice of the State of New York (notwithstanding New York's conflict of law rules).  All matters include, without limitation, the procurement, formation, issuance, validity, interpretation, and enforcement of this

Policy, as well as claim handling and any other performance in connection with this Policy.

(*Id*. at 93.)  The Policy also contains a two-year suit limitations provision, which states that "[n]o one may bring a legal action against [Mt. Hawley] under this Policy unless . . . [t]he action is brought within 2 years after the date on which the direct physical loss or damage occurred."  (*Id*. at 100.)

Sometime on or before June 27, 2023, a wind, hail, and rainstorm swept through Oklahoma and severely damaged Interstate's properties.  (*Id*. ¶¶ 14-15; ECF No. 8 ¶ 13; ECF No. 15 ¶ 13.)  Interstate subsequently filed a claim under the insurance policy (Compl. ¶ 16), which Mt. Hawley partially denied on August 10, 2023 (*id.* ¶ 21).  Interstate believed that it was underpaid by Mt. Hawley on its claim, but its ensuing negotiations with Mt. Hawley did not yield a resolution.  (*Id*. ¶¶ 26, 30, 33.)  Interstate filed suit on August 8, 2025 in New York Supreme Court for New York County, seeking a declaratory judgment invalidating the Policy's choice-of-law and statute-of-limitations provisions, asserting breach-of-contract and tortious bad faith claims under Oklahoma law, and asserting, in the alternative, breach-of-contract and implied covenant claims under New York law.[1]  (*See generally id.*)

Mt. Hawley timely removed the suit to federal court (ECF No. 1) and filed an amended answer, along with counterclaims against Interstate, on October 30, 2025 (ECF No. 8).  Interstate filed an amended answer, in turn, to Mt. Hawley's counterclaims on January 8, 2026.  (ECF No. 15.)  On February 5, 2026, Mt. Hawley filed a motion for judgment on the pleadings and an accompanying memorandum.  (ECF No. 21 ("Mem.").)  Interstate filed an opposition on

---

[1] In its opposition to Mt. Hawley's motion for judgment on the pleadings, Interstate withdrew its claim for deceptive business practices under New York General Business Law § 349 and request for attorney's fees.  (ECF No. 23 at 6 n.7.)

2

February 26, 2026 (ECF No. 23 ("Opp.")), and Mt. Hawley filed its reply on March 12, 2026 (ECF No. 24 ("Reply")).

## II.    Legal Standard

"Judgment on the pleadings is appropriate if, from the pleadings, the moving party is entitled to judgment as a matter of law." *Burns Int'l Sec. Servs., Inc. v. Int'l Union, United Plant Guard Workers of Am. (UPGWA) & Its Loc. 537*, 47 F.3d 14, 16 (2d Cir. 1995) (per curiam). "The standard for addressing a Rule 12(c) motion for judgment on the pleadings is the same as that for a Rule 12(b)(6) motion to dismiss for failure to state a claim." *Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006). Thus, "[t]o survive a Rule 12(c) motion, the complaint must contain sufficient factual matter to 'state a claim to relief that is plausible on its face.'" *Graziano v. Pataki*, 689 F.3d 110, 114 (2d Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Facial plausibility exists when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In deciding a Rule 12(c) motion, courts "accept all factual allegations in the complaint as true and draw all reasonable inferences in [the plaintiff's] favor." *Johnson v. Rowley*, 569 F.3d 40, 43 (2d Cir. 2009).

When evaluating a Rule 12(c) motion, the Court may "rely on the complaint, the answer, any written documents attached to them, and any matter of which the [C]ourt can take judicial notice for the factual background of the case." *Roberts v. Babkiewicz*, 582 F.3d 418, 419 (2d Cir. 2009). The Court may also, "without converting the motion into one for summary judgment, consider documents that are . . . incorporated by reference in, or integral to the complaint." *Byrd v. City of New York*, No. 04-1396, 2005 WL 1349876, at *1 (2d Cir. June 8, 2005) (summary order).

### III.    Discussion

Mt. Hawley argues that Interstate's claims are precluded in their entirety by the Policy's two-year limitations period.  (Mem. at 20.)  Specifically, because Interstate concedes that its properties were damaged by the storm on or before June 27, 2023 (ECF No 8 ¶ 13; ECF No. 15 ¶ 13), and the limitations provision requires that any legal action against Mt. Hawley arising from that coverage dispute be brought "within 2 years after the date on which the direct physical loss or damage occurred" (Compl. at 100), the last day on which Interstate could have brought suit was June 27, 2025—over a month before Interstate filed its complaint on August 8, 2025. Interstate retorts that, because the Policy provides that "[a]ll matters arising out of or relating to this Policy shall be determined in accordance with the law and practice of the State of New York" (Compl. at 93), and New York law provides that "a breach of contract cause of action accrues at the time of the breach," *Ely-Cruikshank Co. v. Bank of Montreal*, 81 N.Y.2d 399, 402 (N.Y. 1993), the limitations period did not begin to run until August 10, 2023—the day Mt. Hawley issued a partial denial of Interstate's claim for coverage and therefore when an alleged breach first occurred (Compl. ¶ 21).  (Opp. at 7-9.)

Mt. Hawley is correct that Interstate's claims are barred in their entirety by the two-year limitations period in the Policy.  Though it is true, as a general matter, that a breach-of-contract claim accrues at the time of breach under New York law, parties are free to amend this by contract.  *See Anderson v. Allstate Ins. Co.*, 171 A.D.3d 1331, 1332-33 (3d Dep't 2019) ("[P]arties to an insurance contract are [] free to include distinct language in their agreement demonstrating that they intend for the applicable limitations period to run from the date of the underlying loss as opposed to the date of the disclaimer of coverage.").  Indeed, courts in this district and state have routinely enforced limitations provisions identical to the one present in the Policy.  *See, e.g.*, *Pizza on 23rd Corp v. Liberty Mut. Ins. Co.*, 723 F. Supp. 3d 307, 312-314

4

(S.D.N.Y. 2024) (dismissing the case as untimely under an identical limitations provision); *Classic Laundry & Linen Corp. v. Travelers Cas. Ins. Co. of Am.*, No. 16-CV-5440, 2017 WL 4350610, at *4-5 (S.D.N.Y. June 30, 2017) (same) (collecting cases), *aff'd*, 739 F. App'x 41 (2d Cir. 2018); *Lichter Real Est. No. Three, L.L.C. v. Greater N.Y. Ins. Co.*, 43 A.D.3d 366, 366 (1st Dep't 2007) (same).

Interstate does not contest that its properties were damaged by the storm on or before June 27, 2023.  (ECF No. 8 ¶ 13; ECF No. 15 ¶ 13.)  Nor does it explain why, despite the wall of precedent suggesting otherwise, parties may not freely contract to a two-year limitations provision of the sort at issue here.  The limitations period in the Policy, plainly understood, precludes Interstate from bringing a lawsuit premised on its coverage dispute against Mt. Hawley after June 27, 2025—two years from the date of the storm damage.  *See Olin Corp. v. Am. Home Assur. Co.*, 704 F.3d 89, 98 (2d Cir. 2012) ("Under New York law, insurance policies are interpreted according to general rules of contract interpretation." (footnote omitted)).

Accordingly, because Interstate did not file suit against Mt. Hawley until August 8, 2025—after the limitations period expired—Interstate's claims are time-barred under the Policy.

## IV.    Conclusion

For the foregoing reasons, Mt. Hawley's motion for judgment on the pleadings is GRANTED, and Interstate's claims are dismissed with prejudice.  The Clerk of Court is directed (1) to terminate the motion at ECF No. 20, (2) to enter judgment in favor of Mt. Hawley on its counterclaim for declaratory judgment and dismissing Interstate's claims, and (3) to close this case.

SO ORDERED.

Dated: May 4, 2026
       New York, New York

_____
J. PAUL OETKEN
United States District Judge

5